IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:14-CR-71 |
| | ) | Sentencing Date: June 27, 2014 |
| JOSE LUIS CASTILLO HERCULES | ) | The Honorable T. S. Ellis, III |
| a/k/a "William Ernesto Herrera," | ) | |
| a/k/a "Jose Louis Castillio Hercules," | ) | |
| a/k/a "Jose Castillio Hercules," | ) | |
| a/k/a "Jose Luis Castillo-Hercules," | ) | |
| a/k/a "Jose Luis Catillo Hercules," | ) | |
| a/k/a "Jose Luis Castillo," | ) | |
| | ) | |
| Defendant | ) | |

**SUPPLEMENT TO THE POSITION OF THE UNITED STATES<br>WITH RESPECT TO SENTENCING**

The United States of America, through its attorneys, Dana J. Boente, United States Attorney, and Jason M. Scheff, Special Assistant United States Attorney, files this Supplement to the Position of the United States with Respect to Sentencing in this case, in response to the defendant's sentencing memorandum.

**BACKGROUND**

The defendant, Jose Luis Castillo Hercules, filed a sentencing memorandum expounding upon the reasons why the defendant should be sentenced to the variant sentence of time served.[1] For the reasons stated below, it is the position of the United States that the reasons put forth by Mr. Castillo do not warrant a variant sentence.

---

[1] Because the defendant has been in the custody of the United States Marshals since March 4, 2014, see Presentence Investigation Report ¶ 1, a sentence of time served would mean that the defendant would have served less than three months in prison. This is approximately one-third of the low end of the properly calculated guideline range of 8-14 months.

**ARGUMENT**

The defendant relies heavily on two main points: first, that he will not be deported because of the strength of his case in immigration court and second, that his personal situation is an aberrant one warranting a variant sentence. Neither argument justifies a variant sentence.

I. **Defendant's Pending Immigration Case Is Not a Factor that Supports a Variance.**

Mr. Castillo seeks to characterize his immigration case as a winning case, Def.'s Sentencing Memorandum p. 23, and he argues that because of this his "risk of recidivism is close to non-existent," id. p. 24. Mr. Castillo argues that this warrants a lesser sentence, but the discussion of his immigration case is irrelevant and confuses the issue.

First and foremost, the likelihood of Mr. Castillo's deportation is impossible to predict, and the proper question of recidivism focuses on the principles of specific, as well as general, deterrence. One of the considerations for sentencing is the need to deter Mr. Castillo, as well as others, from committing this crime in the future, *should he be in a position* to reoffend. See 18 U.S.C. § 3353(a)(2)(B). Deterrence is based on one's personal choices if presented with the opportunity to commit the crime again. As a result, the proper focus is one of whether the defendant would be deterred from illegally reentering the United States, and not one of whether the outcome of his immigration case would make it impossible for Mr. Castillo to commit this crime in the future.

II. **The Defendant's Personal History Does Not Warrant a Variance.**

The defendant argues that his personal life (e.g., his family), his circumstances of reentry, and ███████████████████████████████████████ warrant a variance. These are factors

that have already been taken into account.  The Presentence Report has already properly calculated Mr. Castillo's sentencing guidelines based on his personal history and characteristics.

Mr. Castillo explains at length—and provides testimonials from numerous individuals—about his contributions to the community and to his family.  "Although each of these circumstances is commendable, there is nothing unusual about them."  United States v. Morace, 594 F.3d 340, 350 (4th Cir. 2010).  The Sentencing Guidelines, for example, recognize that convicted criminals can be productive members of their community.  See, e.g., U.S. SENTENCING GUIDELINES MANUAL § 5H1.6 (2013) ("[F]amily ties and responsibilities are not ordinarily relevant in determining whether a departure may be warranted.").  Hopefully Mr. Castillo has indeed expressed true remorse and has changed for the better, but this does not erase the crime that Mr. Castillo has already pleaded guilty and for which he has now been convicted.

Mr. Castillo claims that when he was initially deported he did not plan on returning to the United States and only did so, one year later, under threat from his gang ties.  Def.'s Sentencing Memorandum at 39-41.  ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Mr. Castillo made two decisions when he left El Salvador—to leave El Salvador *and* to unlawfully reenter the United States.  That is, even if his first decision can be excused, his second decision cannot be.  Mr. Castillo made the choice to return to the one country that he had been banned from reentering.  Moreover, Mr. Castillo well knew of MS-13's presence in the United States—and in Northern Virginia specifically—and yet he chose to return to Northern Virginia, the site of his previous encounters with MS-13 in the United States.  He then chose to

remain in Northern Virginia for the next nine years, despite being again confronted with the presence of MS-13 gang members during that time. Def.'s Sentencing Memorandum at 42-43.

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████

## **CONCLUSION**

Therefore, for the above-stated reasons, the United States submits that a downward variance is not warranted in this case.

Respectfully submitted,

Dana J. Boente
United States Attorney

Date: June 27, 2014          By:  _____
                                  Jason M. Scheff
                                  Special Assistant United States Attorney
                                  United States Attorney's Office
                                  2100 Jamieson Avenue
                                  Alexandria, VA 22314
                                  Phone: (703) 299-3814
                                  Fax: (703) 299-3980
                                  E-mail: jason.scheff@usdoj.gov

                                  Allison Ickovic
                                  Special Assistant United States Attorney (LT)

## **CERTIFICATE OF SERVICE**

      I hereby certify that on or about June 27, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following counsel for the defendant:

Jorge E. Artieda, Esq.
Law Office P.C.
100 N. Washington St., Suite 222
Falls Church, VA 22046
(702) 388-6055
Email: jorge@artieda.lawcom

                                                 By: _____
                                                       Jason M. Scheff
                                                       Special Assistant United States Attorney
                                                       United States Attorney's Office
                                                        2100 Jamieson Avenue
                                                        Alexandria, VA 22314
                                                        Phone: (703) 299-3814
                                                        Fax: (703) 299-3980
                                                        E-mail: jason.scheff@usdoj.gov